**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

KATRINA ROMAN-PEREZ,                    §
                                        §
            Plaintiff,                   §      Case No.: 2:25-cv-00940
                                        §
v.                                       §
                                        §
                                        §
SHARKNINJA OPERATING LLC,                §
                                        §
            Defendant.                   §
                                        §

**COMPLAINT & REQUEST FOR JURY TRIAL**

Plaintiff, **KATRINA ROMAN-PEREZ** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC,** hereby submit the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING LLC** and upon information and belief, at all times hereinafter mentioned, alleges as follows:

**NATURE OF THE CASE**

1.      Defendant designs, manufactures, markets, imports, distributes and sells consumer products such as blenders, which specifically includes the Ninja Blender, Model BL770 30, (referred to hereafter as "Ninja Blender(s)").

2.      The Ninja Blenders are defectively designed and manufactured, in that the sealed bullet-shaped canister can break, exposing the user to the extremely fast-moving blade inside.

3.      The Ninja Blenders have been the subject of numerous lawsuits around the nation for similar experiences and injuries as those suffered by the Plaintiff in this case.

4.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its Ninja Blenders to consumers, failing to warn said

1

consumers of the serious risks posed by the defects, and failing to recall the dangerously defective Ninja Blenders regardless of the risk of significant injuries to Plaintiff and consumers like her.

5.     Defendant ignored and/or concealed its knowledge of these defects in its Ninja Blenders from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Ninja Blender blenders, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

6.     As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF KATRINA ROMAN-PEREZ

7.     Plaintiff is a resident and citizen of the city of Belleville, County of Essex, State of New Jersey and was born on January 15, 1979. Plaintiff is therefore a citizen of the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8.     On or about February 27, 2023 Plaintiff suffered serious and substantial injuries as the direct and proximate result of the SharkNinja blender's loose-sitting blade assembly during the normal, directed use of the SharkNinja blender. The incident occurred as the result of the SharkNinja Blenders defect(s).

## DEFENDANT SHARKNINJA OPERATING, LLC

9.     Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja Blender. Defendant SharkNinja is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a principal place of business located at 89 A St. # 100, Needham, MA 02494. Defendant SharkNinja

2

has a registered service address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10. Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. SharkNinja is therefore a citizen of the United Kingdom and England for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this District.

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14.     On or about February 27, 2023, Plaintiff set out to make some smoothies with her Ninja blender, as she was accustomed to doing every week or so. She started by making an individual smoothie for herself in one of the 16-ounce cups: half a banana, some milk, and some protein powder. After the smoothie was done, Plaintiff set it aside and started making a smoothie for her daughter in a second cup. Plaintiff began with some frozen fruit: four pieces of frozen mango, four pieces of frozen pineapple, and half a banana. She placed these and half a cup of coconut milk into the cup, clicked the cup onto the motor, and began to blend.

15.     She rested her right hand – her dominant hand – gently on the side of the cup while she waited. Seconds later, the cup exploded, blowing a hole in the side where Plaintiff'ds hand had been resting. Plaintiff's right pinky plunged into the blender and got caught in the still spinning blade. She immediately turned the blender off but began to panic when she saw blood, plus a bit of flesh still wedged in the blades. She looked at her pinky and realized with horror that the fingernail was entirely missing.

16.     Plaintiff used her Ninja Blender for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

17.     However, the aforementioned Ninja Blender was defectively designed by Defendant in that the sealed bullet-shaped canister can break, exposing the user to the extremely fast-moving blade inside.

18.     Defendant's Ninja Blenders possess defects that make them unreasonably dangerous for their intended use by consumers

19.     Economic, safer alternative designs were available that could have prevented the Ninja Blender blender's plastic cup from breaking and exposing the user to the blade assembly.

20.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**SPECIFIC COUNTS**

**COUNT ONE**
**PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT**
**(N.J.S.A. §2A:58C-1 *et. seq.*)**

21.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

22.    This Count is brought pursuant to N.J.S.A. §2A:58C-1 *et. seq.*, the New Jersey Products Liability Act.

23.    At the time of Plaintiff's injuries, Defendant's blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

24.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

25.    Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq.*, is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the blender did not conform to the implied and express warranties of the manufacturer about this product.

26.    Specifically, Defendant's blenders are unreasonably dangerous because the sealed bullet-shaped canister can break, exposing the user to the extremely fast-moving blade inside.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

1.    Plaintiffs are entitled to and demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.  On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

Respectfully submitted,

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**

Date: <u>February 3, 2025</u>

<u>*/s/ Marc Grossman, Esq.*</u>
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600
(516) 741-0128 (fax)
mgrossman@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN 0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN 0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***